UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-24913-CIV-WILLIAMS/SIMONTON

ELIESER CUBA OLIVA, CARLOS L MARQUEZ, )
MAIKEL RODRIGUEZ MARI, FELIX CASTRO )
ALVAREZ, *and all others similarly situated under* )
*29 USC 216 (b)* )
)
)
       Plaintiffs, )
  vs. )
)
)
THE THREE RABBITS, INC. d/b/a )
LOS TRES CONEJITOS, INC. )
ERNESTO J TARRE )
CRISTINA E SOSA )
)
       Defendants )

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Come Now Plaintiffs, by and through undersigned Counsel, and hereby file Plaintiffs Response in Opposition to Defendants' Motion to Dismiss for lack of subject matter jurisdiction and in support thereof states as follows:

1. Defendants' Motion seeks to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively enter Summary Judgment pursuant to Federal Rule of Civil Procedure because Plaintiffs were not individually engaged in interstate commerce pursuant to 29 U.S.C. §207 and that the Defendant Corporation was not an enterprise covered under the FLSA pursuant to 29 U.S.C. §203(s) as the Defendant Corporation did not gross over $500,000 annually during the relevant time period.

  2. Defendants' position is that summary judgment is appropriate, as a matter of law, in this case because Plaintiff has not stated a claim against Defendants upon which relief can be granted.

  3. 29 U.S.C. 203(s)(1) defines "enterprise" coverage as an enterprise that has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." See *Polycarpe v. E&S Landscaping Serv., Inc.,* 616 F.3d 1217, 1226-1227 (11th Cir. 2010) (two or more employees handling materials that had moved in interstate commerce). Paragraph 15 of the Amended Complaint[1] alleges sufficient facts to establish to interstate commerce prong of 29 U.S.C. 203(s)(1), while paragraphs 16 and 17 sufficiently plead that the Defendant corporation grossed over $500,000 annually. Therefore, sufficient facts have been pled to withstand Defendants' Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

  4. Furthermore, Defendants' Motion to Dismiss should be denied on the basis that Defendants' Motion introduces evidence outside the four corners on the pleadings and is therefore a factual attack and not a facial attack on the complaint. See *Perdomo v. Classic Billiards I, Inc*., 2007 U.S. Dist. LEXIS 8664 (S.D. Fla. Feb. 7, 2007) (facial attack requires the Court to decide if on its face Plaintiff has sufficiently pled a cause of action in the complaint while a factual attack challenges subject matter jurisdiction by affidavit or testimony). As noted in paragraph 5, Defendants' Motion to Dismiss is not an attack on this Court's subject matter jurisdiction.

---

[1] "Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act."

5.      Defendants erroneously attack this Court's subject matter jurisdiction. The issue of whether individual or enterprise coverage applies is not an attack on the Court's subject matter jurisdiction. As acknowledged in *Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009), "[t]his Court is persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional." *Id. At* 1350. The Court went on to state "[n]othing in section 216(b) or any other provision of the FLSA indicates that Congress intended that the individual coverage or enterprise coverage restrictions be jurisdictional." *Id. At* 1350. As this case has been filed pursuant to Federal Statute 29 U.S.C. 201-219 this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331 which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331.

6.      As it relates to Defendants' Motion for Summary Judgment, said motion is premature as the parties have not yet held their joint scheduling conference pursuant to Fed. R. Civ. Proc. 26(f) which prohibits the parties from engaging in discovery prior to conducting said conference. Therefore, as Plaintiffs have not yet had an opportunity to engage in discovery, Plaintiffs are unable to fashion a proper response to Defendants' Motion for Summary Judgment. Therefore, Plaintiff will only be able to fashion an appropriate response to Defendants' Motion for Summary Judgment once the Parties have conducted discovery. This will afford Plaintiffs Counsel with the opportunity to properly address the factual allegations made by Defendants in support of their motion for summary judgment. As such, Plaintiffs desire to conduct discovery pursuant to Fed R. Civ. Proc. 56 (d)(2). Furthermore, pursuant to Fed R. Civ. Proc. 56 (d)(1) when facts are unavailable to the non movant the court may "defer considering the motion or **deny it**. [Emphasis added]. At this juncture, the Parties have not engaged in discovery and

additional time is needed for Plaintiffs to conduct discovery and fully develop the record in order to properly respond to Defendants' Motion for Summary Judgment. Therefore, Plaintiffs requests that the Court deny Defendants' Motion for Summary Judgment without prejudice and require defendants to answer the Amended Complaint within 10 days.

## Memorandum of Law

A.     **Motion to Dismiss Standard:**

In deciding a motion to dismiss, the Court accepts the facts of the Complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003). Rule 8(d)(1) of the Federal Rules of Civil Procedure requires that the complaint: "Each allegation must be simple, concise, and direct. No technical form is required" setting forth entitlement to relief. Plaintiff simply must "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those

facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

In the instant matter, Defendants are on notice of the allegations and are able to frame an Answer. Moreover, as set forth *infra*, Defendants cannot show they are entitled to dismissal as a matter of law based on the allegations within the (4) corners of the Complaint. Defendants' Motion does not seem to attack Plaintiffs claim regarding the minimal pleading requirements, but rather on legal issues, otherwise termed a factual attack. See *Perdomo v. Classic Billiards I, Inc.*, 2007 U.S. Dist. LEXIS 8664 (S.D. Fla. Feb. 7, 2007) (facial attack requires the Court to decide if on its face Plaintiffs have sufficiently pled a cause of action in the complaint while a factual attack challenges subject matter jurisdiction by affidavit or testimony). As set forth in *Rodriguez v. Diego's Rest., Inc.,* 619 F. Supp. 2d 1345, 1348-49 (S.D. Fla. 2009), and *Turcios v. Delicias Hispanas Corp.,* 275 F. App'x 879, 882 (11th Cir. 2008), Defendants attack is not an attack on the Court's subject matter jurisdiction and therefore said factual attack must fail at the Motion to Dismiss stage.

Furthermore, as the Court found in *Perdomo*, the cases cited by Defendants were all decided after the Parties had engaged in discovery and were not decided at the motion to dismiss stage. Defendants' contention otherwise and reliance on *Cordero v. Red Grouper,* Inc., 2008 WL 1781158 (M.D.Fla. April 17, 2008) is misplaced. The Court in *Lopez v. Pereyra*, 2009 WL 3586907 (S.D. Fla. Oct. 27, 2009) analyzed the cases relied upon in *Red Grouper* and found them clearly distinguishable.

> The *Red Grouper* decision, however, is not binding on this Court, nor does this Court find its reasoning to be persuasive. Based on *Red Grouper,* a defendant's tax returns would be conclusive evidence of whether that defendant was an enterprise within the meaning of the FLSA. A plaintiff would never have an opportunity to challenge the accuracy of the tax returns or otherwise determine

> the amount of "annual gross sales made or business done" by the defendant, even though the plaintiff bears the burden of demonstrating the existence of an enterprise. Moreover, the cases cited by the *Red Grouper* court do not support its decision.

*Lopez v. Pereyra*, 2009 WL 3586907 (S.D. Fla. Oct. 27, 2009). The first case relied upon in Red Grouper was *Stout v. St. Amour's Lawn Care, LLC,* 2008 WL 816818 (M.D.Fla. March 25, 2008). The Court in *Lopez* found that the *Stout* Court allowed Plaintiff to conduct discovery before responding to Defendants' Motion for Summary Judgment. "However, the court granted the plaintiff's alternative motion and permitted the plaintiff to take discovery (including that relating to whether the tax returns were inaccurate) before having to respond to the summary judgment motion." *Lopez v. Pereyra*, 2009 WL 3586907 (S.D. Fla. Oct. 27, 2009). Distinguishing the remaining cases cited within the *Red Grouper* decision, the *Lopez* Court stated that said rulings on summary judgment only took place after the parties had been afforded an opportunity to develop the record.

### A. <u>Summary Judgment:</u>

"Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting Fed. R. Civ. P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences there from in the light most favorable to the

non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (citing First *Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288 (U.S. 1968)); *see also Anderson*, 477 U.S. at 247-48 ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact").

However, a party must first be afforded a period of time to engage in discovery in order to properly respond to a motion for summary judgment.

> Where there has not yet been any discovery, let alone an "adequate opportunity for discovery," summary judgment is simply not appropriate or warranted. As stated in *Blumel v. Mylander,* 919 F.Supp. 423, 428 (M.D.Fla.1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir.1988).

The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally, summary judgment is inappropriate

> when the party opposing the motion has been unable to obtain responses to his discovery requests.
>
> *Id.* at 870 (internal citations omitted); *see also Ramos v. Goodfellas Brooklyn's Finest Pizzeria, LLC,* No. 08–61240–CIV, 2008 WL 4613059, at *2 (S.D.Fla. Oct.15, 2008) (denying defendants' motion for summary judgment as premature in FLSA case where plaintiff was not provided adequate time to conduct discovery).

*Corbett v. Renegade Termite & Pest Control, Inc*., 2010 WL 3447539 (M.D. Fla. Aug. 30, 2010). ""The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.,* 120 F.3d 248, 253 (11th Cir.1997)." *Canty v. Fry's Electronics, Inc.,* 2012 WL 1038611 (N.D. Ga. Mar. 27, 2012).

As noted above, Plaintiffs have not been afforded an opportunity to conduct discovery, let alone, adequate time to conduct discovery.

In the present case, the parties have not conducted their joint scheduling conference pursuant to Fed. R. Civ. Proc. 26(f) which prohibits the parties from engaging in discovery prior to conducting said conference. Therefore, as Plaintiffs have not been afforded an opportunity to conduct discovery, Defendants' Motion for Summary Judgment is premature and should be denied at this time without prejudice to be renewed at the close of discovery.

Wherefore, Plaintiffs respectfully request that the Court deny Defendants' Motion for Summary Judgment Without Prejudice and to require Defendants to answer the Amended Complaint within 10 days

### C. Self Serving Affidavits and Tax Returns

Furthermore, numerous Court's have found the veracity of self serving affidavits and tax returns can be questioned through discovery, see *Jia Hu Qian v. Siew Foong Hui*, 2013 WL 3009389 (S.D.N.Y. June 14, 2013), *Garcia v. Serpe*, 2012 WL 380253 (D. Conn. Feb. 6, 2012)

and *Francois v. Fried Green Tomatoes, Inc.,* 306 F. App'x 443 (11th Cir. 2008). Likewise see this Court's Order denying Defendant's Motion for Summary Judgment in Marquez v. Suarez, case number 13-23988-civ-Williams, whereby Defendant claimed that the business had gross sales for approximately $60,000 annually, well short of the $500,000 threshold necessary for enterprise coverage. These cases all demonstrate that a Defendants Affidavit and/or tax return are not always dispositive on the issues of gross sales or business done, and that Plaintiff should be afforded adequate time to respond to discovery.

Wherefore, Plaintiff respectfully requests that this Court deny Defendants Motion for Summary Judgment and require defendants to answer the complaint within 10 days.

    __/s/Steven C. Fraser__
Steven C. Fraser, Esq.
Fla. Bar No. 625825
J.H. Zidell, P.A.
Attorney for Plaintiff
300 71st Street #605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865–7167
Email: steven.fraser.esq@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2015, I electronically filed the foregoing Plaintiffs Response Defendants Motion to Dismiss First Amended Complaint, and in the alternative, Motion for Summary Judgment with the Clerk of Court using the CM/ECF. I also certify that the foregoing document is being served this day on all persons identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically Notices of Electronic Filing.

　　/s/Steven C. Fraser  
Steven C. Fraser, Esq.  
Fla. Bar No. 625825  
J.H. Zidell, P.A.  
Attorney for Plaintiff  
300 71st Street #605  
Miami Beach, Florida 33141  
Tel: (305) 865-6766  
Fax: (305) 865–7167  
Email: steven.fraser.esq@gmail.com

SERVICE LIST

CASE NO: 14-cv-24913-WILLIAMS/SIMONTON

Dorta and Ortega, P.A.
Rey Dorta, Esq.
Aileen J. Martin, Esq.
3860 S.W. 8th Street PH
Coral Gables, Florida 33134
RDorta@dortaandortega.com
AMartin@dortaandortega.com