**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-24913-CIV-WILLIAMS**

ELIESER CUBA OLIVA, *et al.*,

      Plaintiffs,

vs.

THE THREE RABBITS, INC., *et al.*,

      Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (DE 12), to which Plaintiff filed a Response in Opposition (DE 16).  Defendants did not file a Reply and the time to do so has passed.

**I.     BACKGROUND**

Plaintiffs brought this action against Defendants alleging violations of the the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (DE 1).  Defendants have moved to dismiss the first amended complaint or in the alternative for summary judgment, arguing that the Plaintiffs' claims are not viable under the FLSA because neither Defendants nor Plaintiffs were engaged in interstate commerce and because Three Rabbits has not grossed more than $500,000 in sales (DE 12).

In support of that motion, Defendants submitted an affidavit attesting that none of the Plaintiffs had contact with vendors, suppliers, or customers and that all of their job duties were performed within the bakery (Declaration of Ernesto J. Tarre, DE 12-1 ¶ 10).  Mr. Tarre further avers that Plaintiffs did not have contact with the bakery's vendors or

suppliers and that the bakery's operations are entirely local, with local customers and supplies purchased from local vendors (*Id.* ¶¶ 11, 3-4). In addition, he states that the bakery does not engage in any activity, including advertising or shipping, that promotes the sale of products in interstate commerce (*Id.* ¶ 15).

In response, Plaintiffs do not dispute any of Defendants' factual allegations. Instead, Plaintiffs argue that they have stated a claim and that summary judgment is inappropriate because they have not been given an opportunity to conduct discovery. Because the Court finds that Plaintiffs have failed to state a claim in accordance with *Twombly*, the Court does not reach the issue of whether summary judgment is appropriate.[1]

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations in the complaint. *See GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379

---

[1] Nonetheless, the Court notes that Plaintiffs' argument regarding the impropriety of summary judgment at this stage is without merit. The primary allegations on which Defendant relies and which Plaintiffs would need to address – namely that Plaintiffs themselves did not engage in interstate commerce and the nature of Plaintiffs' work – are within Plaintiffs' knowledge. Moreover, in arguing that summary judgment in inappropriate, Plaintiffs rely on Rule 56 of the Federal Rules of Civil Procedure, but have failed to comply with the rule. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate motion." Fed. R. Civ. P. 56(d). Plaintiffs have not submitted an affidavit showing that discovery is needed nor have they provided specific reasons as to why they cannot present essential facts to oppose Defendants' motion for summary judgment.

(11th Cir. 2010). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

## III.   ANALYSIS

To state a claim for failure to pay minimum or overtime wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942-43 (11th Cir. 2012). In addition, a plaintiff must establish either enterprise coverage or individual coverage as an element of a plaintiff's claim for relief. *See Rodriguez v. Diego's Rest., Inc.*, 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009).

> A covered enterprise under the FLSA is one that:
>
> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A). "Alternatively, an employee may establish that he or she qualifies for individual coverage under the Act if he regularly and directly participates in the actual movement of persons or things in interstate commerce." *Martin v. Briceno*,

Case No. 11–23228–CIV, 2014 WL 2587484, at *2 (S.D. Fla. June 5, 2014) (quoting *Thome v. All Restoration Servs. Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)) (internal quotations omitted).  "The FLSA defines commerce as trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010) (internal quotations and citation omitted).

The Court begins its analysis by looking at the Complaint.  Plaintiffs state that they worked for Defendants as bakers and baked goods decorators and they identify the dates during which they worked for Defendants (DE 5 ¶¶ 10-13).  Plaintiffs also allege the number of hours they purport to have worked and assert that they were not paid in accordance with the FLSA (DE 5 ¶¶ 18-21).  Consequently, the Court finds that Plaintiffs have sufficiently plead that they were employees of Defendants and that the Defendants failed to pay them minimum or overtime wages.

However, after reviewing the amended complaint, the Court is unable to find any well-pleaded allegations that the Defendants or Plaintiffs engaged in interstate commerce.  The amended complaint provides no specific factual allegations regarding the nature of Plaintiffs' work for Defendants and how that work relates to interstate commerce.  Rather, Plaintiffs allege only that they worked as bakers and baked goods decorators and that:

> Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the

> job moved through interstate commerce prior to and/or
> subsequent to Plaintiff's use of the same. The Plaintiff's work
> for the Defendants was actually in and/or so closely related
> to the movement of commerce while he worked for the
> Defendants that the Fair Labor Standards Act applies to
> Plaintiff's work for the Defendants.

(DE 1 ¶ 14.)

These conclusory legal statements, wholly devoid of any factual basis, are insufficient to plead the second element of an FLSA claim.  The Court finds that the amended complaint fails to allege any facts relating to the nature of Plaintiffs' work as bakers and that work's connection to interstate commerce.  Nor does the amended complaint allege what kind of services Defendants provide or how such services are tied to interstate commerce.  As such, dismissal without prejudice is required.  *See Ceant v. Aventura Limousine & Transp. Service, Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (dismissing without prejudice for failure to state a claim when Plaintiff alleged that he worked as a driver but the Complaint did not state the nature of his work as a driver, the connection to interstate commerce, or the kind of services provided by the employer and those services connection to interstate commerce); *Vierra v. Sage Dining Servs., Inc.*, No. 8:10-CV-02267-T, 2010 WL 4867557, at *2 (M.D. Fla. Nov. 23, 2010) (dismissing without prejudice when plaintiff failed to allege facts showing that she engaged in commerce or in the production of goods for commerce); *see also Lamont v. Frank Soup Bowl, Inc.*, No. 99 CIV. 12482 (JSM), 2001 WL 521815, at *2 (S.D.N.Y. May 16, 2001) (plaintiff, a cook and server, for a local restaurant that cooked and provided meals from a single location was not subject to the FLSA because neither plaintiff nor the restaurant engaged in interstate commerce); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012), *as amended* (July 17, 2012) (plaintiff,

a waitress and cashier for local Jamaican restaurant, was not covered under the FLSA because she  was not engaged in interstate commerce). While Plaintiffs need not provide overly-detailed factual allegations, Plaintiffs must provide factual allegations regarding the nature of their work, the nature of Defendants' business, and provide straightforward factual allegations connecting that work to interstate commerce.  *See Ceant* at 1378.

IV.    **CONCLUSION**

Because Plaintiffs have failed to adequately allege that Defendants were engaged in interstate commerce, Defendants' Motion to Dismiss (DE 12) is **GRANTED**. Plaintiffs shall have 21 days to file an amended complaint alleging sufficient facts regarding the nature of their work and its connection to interstate commerce.

It is **FURTHER ORDERED AND ADJUDGED** as follows:

1. Pursuant to Rule 1 of the Magistrate Rules of the Southern District of Florida, the Court hereby **ORDERS** the parties to attend a Settlement Conference before Magistrate Judge Andrea M. Simonton within **21 days of the filing of a final amended complaint**.  Plaintiff's counsel must confer with Defendants' counsel and contact Magistrate Judge Simonton's Chambers **within 7 days of the filing of a final amended complaint** to schedule a date for the Settlement Conference.  Magistrate Judge Simonton will issue an Order Scheduling Settlement Conference outlining the time and requirements for the Settlement Conference.  The Settlement Conference date may <u>not</u> be extended without prior approval from Magistrate Judge Simonton.

Except as provided under Local Rule 16.2.E for public-sector entities, the appearance of counsel and each party or representatives of each party with full

authority to enter into a full and complete compromise and settlement is mandatory. Appearance shall be in person; telephonic appearance is prohibited.  If insurance is involved, an adjustor with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

All discussions, representations and statements made at the Settlement Conference will be confidential and privileged.

The parties are responsible for ensuring that within **seven days** following the Settlement Conference, a report is filed that indicates whether the case settled (in full or in part), the Settlement Conference was continued with the consent of the parties, or Magistrate Judge Simonton declared an impasse.

2.  In all FLSA cases, if the case is resolved by way of settlement, judicial review and approval of the settlement is necessary to give the settlement final and binding effect.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Accordingly, this matter is also **REFERRED** to Magistrate Judge Andrea M. Simonton to determine whether any settlement in this matter is "a fair and reasonable resolution of a bona fide dispute." *Id.*

**DONE AND ORDERED** in chambers in Miami, Florida, this 13th day of April, 2015.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE